IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CHRISTY B. DOWNS, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 5:13cv00083 |
| ) | |
| v. ) | |
| ) | |
| WINCHESTER MEDICAL CENTER, ) | By: Hon. Michael F. Urbanski |
| et al., ) | United States District Judge |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on defendants Valley Health System's and Valley Regional Enterprises, Inc.'s (collectively "Valley Health")[1] motion to dismiss, in part, plaintiff's second amended complaint. Dkt. No. 33. In the second amended complaint, plaintiff Christy B. Downs ("Downs") alleges that Valley Health, her former employer, violated the Family Medical and Leave Act, 29 U.S.C. §§ 2601 et seq., ("FMLA"), through both interference (Count I) and retaliation (Count II) as well as the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., ("ADA") (Count III). In its motion, Valley Health seeks dismissal of Count I and of the request for punitive damages in Count III. For the reasons stated herein, the court will **GRANT in part** and **DENY in part** defendants' motion.

I.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal based upon a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state

---
[1] Winchester Medical Center was terminated as a defendant on April 14, 2014.

a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Valley Health concedes that Downs' allegations of harassment, negative reviews, discipline and, ultimately, termination for her use of FMLA leave establishes a prima facie case of FMLA retaliation. As such, they do not seek dismissal of Count II. But Valley Health asserts that Downs has not alleged that she was actually denied any benefit under the FMLA and has therefore failed to state a claim for FMLA interference. The court agrees.

The Fourth Circuit has interpreted the subsections of 29 U.S.C. § 2615(a) as creating two types of FMLA rights: prescriptive and proscriptive. § 2615(a)(1) claims, known as "interference" or "entitlement" claims, allege violations of prescriptive rights, which set "substantive floors for conduct by employers, and creat[e] entitlements for employees." Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 546 (4th Cir. 2006) (internal quotation omitted). In contrast, § 2615(a)(2) claims, known as "retaliation" or "discrimination" claims, relate to proscriptive rights, which serve to "protect employees from discrimination or retaliation for exercising their substantive rights under the FMLA." Id. (citations omitted).

"To establish unlawful interference with an entitlement to FMLA benefits, an employee must prove that: (1) she was an eligible employee; (2) her employer was covered by the statute; (3) she was entitled to leave under the FMLA; (4) she gave her employer adequate notice of her intention to take leave; and (5) the employer denied her FMLA benefits to which she was entitled." Rodriguez v. Smithfield Packing Co., Inc., 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing Edgar v. JAC Prods., Inc., 443 F.3d 501, 507 (6th Cir. 2006); 29 U.S.C. § 2615(a)(1)). Importantly, a plaintiff must also show prejudice. Croy v. Blue Ridge Bread, Inc., No. 3:12-CV-00034, 2013 WL 3776802, at *8 (W.D. Va. July 15, 2013) (citing Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002)); cf. Reed v. Buckeye Fire Equip., 241 F. App'x 917, 924 (4th Cir. 2007) (unpublished per

2

curiam opinion) (citing Ragsdale, 535 U.S. at 89) ("To state [a FMLA interference] claim, the employee must prove that the employer: (1) interfered with his or her exercise of FMLA rights; and (2) caused prejudice thereby.").

The crux of Valley Health's argument against Downs' FMLA interference claim is that she was never denied FMLA leave. Downs admits that she not alleged that she was denied FMLA leave. Indeed, when asked at oral argument whether Downs was ever prevented from taking FMLA leave, plaintiff's counsel said she was not. Furthermore, Downs has not alleged that she would have taken additional FMLA leave were it not for her employer's discouragement. Instead, she argues that her "disciple, negative performance reviews, harassment, and [] termination" by Valley Health constitutes FMLA interference. Second Am. Compl., Dkt. No. 30, at ¶ 36. Tellingly, this is precisely the same conduct Downs alleges constitutes FMLA retaliation one paragraph later in her second amended complaint. Id. at ¶ 37.[2]

Granted, Downs' argument that the adverse employment actions Valley Health allegedly took against her constitute FMLA interference does find some support in the wording of 29 C.F.R. § 825.220(c):

> The [FMLA's] prohibition against **interference** prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, **employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary**

---

[2] At oral argument, plaintiff's counsel argued that Downs' allegations of harassment, negative reviews, and discipline was the basis of her interference claim, while her allegation that she was terminated for complaining about this mistreatment was the basis for her retaliation claim. This is not, however, what appears in Downs' second amended complaint. Moreover, even if Downs' had structured her compliant in this manner, it would not alter the substance of her factual allegations and thus would not impact the court's decision.

3

**actions; nor can FMLA leave be counted under no fault attendance policies**.

(emphasis added); see also Santorocco v. Chesapeake Holding Co., LLC, No. CIV. A. AW-08-3049, 2010 WL 2464972, at *4 (D. Md. June 10, 2010) (citing Bosse v. Baltimore Cnty., 692 F. Supp. 2d 574, 584-85 (D. Md. 2010)) (stating that "actionable interference" includes instances where an employer uses "the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions").

However, a number of courts have interpreted violations of § 825.220(c) as retaliation claims. For example, the Third Circuit has expressly held that "[e]ven though 29 C.F.R. § 825.200(c) appears to be an implementation of the 'interference' provisions of the FMLA, its text unambiguously speaks in terms of 'discrimination' and 'retaliation,' and we shall, of course, apply it in a manner consistent with that text." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 147, n.9 (3d Cir. 2004) holding modified by Erdman v. Nationwide Ins. Co., 582 F.3d 500 (3d Cir. 2009). While the Fourth Circuit has not expressed itself in terms as explicit as the Third, it is nevertheless clear that it views "the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions" as set forth in § 825.220(c) as FMLA retaliation, not interference.[3] In Dotson v. Pfizer, Inc., 558 F.3d 284 (4th Cir. 2009), the Fourth Circuit observed that "[i]n addition to providing a substantive (or 'prescriptive') right to unpaid leave

---

[3] It is likewise clear that the Fourth Circuit views § 825.220(c) as creating a right of action for FMLA retaliation where an employee is terminated for using FMLA leave. Moss v. City of Abbeville, 740 F. Supp. 2d 738, 744 (D.S.C. 2010) (citing Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 546-51 (4th Cir. 2006); Blankenship v. Buchanan Gen. Hosp., 140 F.Supp.2d 668, 672 (W.D. Va. 2001)) ("While the FMLA does not specifically forbid discharging an employee in retaliation for taking FMLA leave, 29 C.F.R. § 825.220(c) states that employers are prohibited from discriminating or retaliating against employees or prospective employees who have exercised FMLA leave and that 'employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.' The Fourth Circuit has held that taking FMLA leave is a protected activity under the FMLA and recognizes a cause of action for retaliation where an employee alleges that he was discharged for taking FMLA leave.").

4

in certain situations, the FMLA also provides proscriptive rights 'that protect employees from discrimination or retaliation for exercising their substantive rights under the FMLA.'" Id. at 294 (emphasis added) (citing Yashenko v. Harrah's NC Casino Co., 446 F.3d 541, 546 (4th Cir. 2006)." In discussing these proscriptive rights, the Fourth Circuit observed that

> [w]hile the FMLA does not specifically forbid discharging an employee in retaliation for his use of FMLA leave, 29 C.F.R. § 825.220(c) states that employers are 'prohibited from discriminating against employees or prospective employees who have used FMLA leave' and that 'employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, **or disciplinary actions.' Courts have recognized that the FMLA provides a cause of action for retaliation**."

Id. at 294-95 (emphasis added) (citation omitted).[4]

Furthermore, numerous district courts within the Fourth Circuit have interpreted violations of § 825.220(c) as retaliation claims. In Bullock v. Kraft Foods, Inc., No. 3:11CV36-HEH, 2011 WL 5872898 (E.D. Va. Nov. 22, 2011) aff'd, 501 F. App'x 299 (4th Cir. 2012), the court stated, under the heading "Plaintiff's FMLA Retaliation Claim," that "'[e]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." Id. at *6 (quoting Dotson, 558 F.3d at 294-95). Similarly, in Rountree v. City of Portsmouth, No. 2:11CV106, 2011 WL 5101761 (E.D. Va. Oct. 26, 2011) aff'd, 487 F. App'x 785 (4th Cir. 2012), the court wrote under the heading "Retaliatory Discrimination," that "[e]mployers may not use the taking of authorized leave as the basis for negative treatment in hiring, promotion, or discipline." Id. at *8 (citing 29 C.F.R. § 825.220(c)).

---

[4] Plaintiff's counsel noted at oral argument that the Dotson case recognized "proscriptive rights of being free from discrimination and retaliation [that] are essential parts of the FMLA and actionable." No doubt. But the court believes that this passage makes clear that the Fourth Circuit views an allegation that a defendant violated such proscriptive rights as a claim of FMLA retaliation, not inference. An FMLA interference claim would involved an allegation a defendant violated the "prescriptive" or "substantive" rights provided by the FMLA by denying a FMLA benefit.

Finally, because she has failed to allege that she was actually denied any FMLA benefits, Downs has failed to allege any prejudice related to FMLA interference. Downs in fact alleges in her second amended complaint that she received the FMLA leave that she requested, see Second Am. Compl., Dkt. No. 30, at ¶¶ 18-19, and her counsel conceded as much at oral argument. She also does not allege that she would have taken additional FMLA leave, but was discouraged from doing so by Valley Health. Instead, Downs alleges harm as a result of the subsequent actions her employer allegedly took in retaliation for her use FMLA leave. See id. at ¶ 20 ("In connection with her increased use of FMLA leave, Downs was routinely singled out and verbally abused . . . ."); id. at ¶ 23 (Downs complained of harsh treatment . . . and expressed her fear of being fired for using FMLA leave . . . .); id. at ¶ 26 ("Downs . . . complained that she was being unfairly written up on account of her use of protected FMLA leave."). In other words, any prejudice resulted from retaliation, not interference. See Muldrow v. Blank, No. PWG-13-1200, 2014 WL 938475, at *9 (D. Md. Mar. 10, 2014) (citing 29 U.S.C. § 2617(a)(1)(A)(i)(II)) (prejudice must be "as a direct result of the violation"). Thus, because she has failed to show prejudice through the denial of her substantive rights under the FMLA, her interference claim cannot survive. Croy, 2013 WL 3776802, at *9 (citing Anderson v. Discovery Communications, LLC, 571 Fed. Appx. 190, 198, 2013 WL 1364345 (4th Cir. 2013) (unpublished table decision) (amended May 3, 2013)).

In light of the foregoing, the court finds that Downs' allegations are properly viewed as a stating claim of FMLA retaliation alone. Downs has not alleged that she was denied, directly or indirectly, any FMLA leave. Instead, she alleges only that she was subjected to harassment, negative reviews, discipline and, ultimately, termination because she used FLMA leave. As such, while she has clearly stated a claim for FMLA retaliation, she has failed to state a claim for interference. Accordingly, the court will dismiss Count I.

6

**III.**

Valley Health also moved pursuant to Rule 12(b)(6) for the dismissal of Downs' request for punitive damages in Count III. "[P]unitive damages is not a 'cause of action' subject to dismissal under Rule 12(b)(6)." Rathbone v. Haywood Cnty., No. 1:08CV117, 2008 WL 2789770, at *1 (W.D.N.C. July 17, 2008). "A plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety." Janis v. Nelson, No. CR. 09-5019-KES, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted); Fed. R. Civ. P. 12(b)(6) (permitting party to raise the defense of "failure to state a claim upon which relief can be granted" by motion). Because "a demand for relief is not part of a plaintiff's statement of the claim," Alexander v. Se. Wholesale Corp., No. 2:13CV213, 2013 WL 5673311, at *8 n.7 (E.D. Va. Oct. 17, 2013) (citing Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)), the nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted. See Int'l Fid. Ins. Co. v. Mahogany, Inc., No. CIV. JKB-11-1708, 2011 WL 3055251, at *2 n.1 (D. Md. June 25, 2011) (citing Charles Alan Wright, et al., 5 Federal Practice And Procedure § 1255 (3rd ed. 1993)).

"[Rule] 54 underscores the impropriety of dismissing requests for punitive damages under [Rule] 12(b)(6)." Oppenheimer v. Sw. Airlines Co., No. 13-CV-260-IEG BGS, 2013 WL 3149483, at *4 n.1 (S.D. Cal. June 17, 2013). Because Rule 54(c) directs courts to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," it "makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint." Id. (citations omitted); Fed. R. Civ. P. 54(c). In short, the question of punitive damages is not properly addressed on a motion to dismiss. The court will accordingly deny this portion of defendants' motion.

7

## III.

This is not a case where an employee was allegedly denied FMLA benefits. Instead, Downs has alleged that she took advantage of the rights the FMLA provided to her and that her employer took adverse action against her because she exercised those rights. While these allegations clearly state a claim for FMLA retaliation, they do not assert any claim for FMLA interference. As to punitive damages, the court will not attempt to determine the appropriate relief at this preliminary stage of the proceedings. The court will also deny Valley's Health's request for costs. An appropriate Order will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: May 9, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge