# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

_____
)
)
**CHRISTY DOWNS,**                                         )          Civil No. 5:13cv00083
)
                                    *Plaintiff,*           )
*v.*                                                       )          **MEMORANDUM OPINION**
)                    **and ORDER**
)
**VIRGINIA HEALTH SYSTEM,** *et al,*                       )
)          By:    Hon. James G. Welsh
)                 U. S. Magistrate Judge
                                    *Defendant*            )
_____ )


All non-dispositive pretrial motions and issues, except motions in limine, having been previously referred pursuant to 28 U.S.C. § 636(b)(1)(A) (docket #12), this matter is now before the undersigned on Virginia Health System, *et al*'s combined Motion to Compel and to Extend expert disclosure deadlines (docket #56) and their supporting memorandum of points and authorities (docket #57).  The plaintiff has responded in opposition (docket #61).  All parties having waived oral argument this discovery dispute is now ripe for adjudication.

**Background**

Substantively, this cause of action pertains to claims asserted by Christy Downs under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*, (docket #30).  As with many, if not most, employment discrimination cases, her claim turns on the basis for her termination.  Among the reasons given to justify her discharge after nearly seventeen years of employment as an executive

secretary (docket #1, ¶7) were that she had accessed her supervisor's e-mail account without authority and that she had similarly forwarded information from that account to her personal e-mail accounts and her home computers without permission (docket #57, p 1 *et seq*.). In contrast, the plaintiff claims that her access to her supervisor's computer was pursuant to a long-standing authorization, was a routine part of her responsibilities and facilitated her ability to work at home (*Id*., exhibit 5).

The discovery dispute now before the court stems from the plaintiff's representation that she deleted all material she sent to her home computers following her August 2011 termination, from certain of her discovery responses outlined by the defendants in their memorandum (docket # 57, p. 3-6), and from the defendants' discovery request seeking to obtain the plaintiff's family computers in order to attempt to recover the work-related material she forwarded utilizing the services of a computer forensics expert. It is their further contention that since the normal use of computer equipment may cause information to be overwritten or otherwise lost, the only way to ensure against any further spoliation or destruction of evidence is through mirror-imaging. The plaintiff, on the other hand, argues that the defendants' request is overly broad, burdensome, "personally intrusive," and "would necessarily invade" the attorney-client privilege (docket #61, p 1)

Relevant to this request, in the plaintiff's discovery responses she identified her two home computers as a "tower" and a Dell laptop. I*nter alia*s, she also identified various documents he had forwarded to her home computers, including "minutes or other information … to work-on" at home, notes she "created outlining her treatment," and certain of her supervisors emails as material forwarded to her home computers. Throughout this litigation Ms. Downs has

also consistently represented that she electronically retained no material pertaining to her former employer.

In a nutshell, the plaintiff's central objection relates to the defendants' request to mirror-image the hard drives on two computes that are used, and have been used, to communicate with her attorneys and generally by her entire family, including her husband and their two children (docket #61, p.4).  In addition, she argues that the defendants' in-house IT experts and its own computer logs and reports are readily available sources of information concerning records of electronic mail sent to her personal email account and her access to her supervisor's e-mail account (*Id.*, p. 4-5).

**Rule 26 and ESI**

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery. *See* Rules 26(b)(1) and 26(a).  In effect, Rule 26 (a)(1) includes all electronically stored information ("ESI") within the scope of discoverable "documents" and data "compilations."  Thus, electronic mail ("e-mail"), Word or WordPerfect documents, voicemail, instant messages, backup tapes, database files, and the like are all generally discoverable.

Although, as a general proposition, the rules of discovery are to be given a broad and liberal construction, *Herbert v. Lando*, 441 U.S. 153, 177 (1979), ESI discovery is subject to the specific limitations outlined in Rule 26(b)(2)(B).  The data must be "reasonably accessible" without undue burden or cost, and if not, on proper motion such information may nevertheless be ordered upon a "showing [of] good cause" and application of the proportionality principles embodied in Rule 26(b)(2)(C).

Consequently, while Rule 26(b)(1) entitles the parties to "obtain discovery of any non-privileged matter that is relevant to any claim or defense," the court has broad discretion in determining relevance [1] for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2$^d$ 482, 489 (4th Cir. 1992). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders," *Hinkle v. City of Clarksburg*, 81 F.3$^d$ 416, 426 (4th Cir. 1996) (citations omitted), and the party resisting discovery bears the burden of showing why it should not be granted. *Rogers v. Tri-State Materials Corp*., 51 F.R.D. 234, 247 (NDWVa. 1970); *Mainstreet Collection, Inc. v. Kirkland's, Inc*., 270 F.R.D. 238, 241 (EDNC. 2010); *Brey Corp. v. LQ Mgmt., L.L.C*., 2012 U.S. Dist. LEXIS 104952, *11  (DMd. July 26, 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P*., 2011 U.S. Dist. LEXIS 61730, *2  (SDWVa. June 3, 2011)).

**Rule 34 and ESI**

On its face, the discovery issue presented by the defendants' request for an exhaustive forensic examination of the plaintiff's computers is also directly within the scope of ESI discovery contemplated by the inspection, copying, testing and sampling provisions of Rule 34(a)(1)(A). More generally Rule 34 also sets-out procedures to be used for producing ESI. At the same time, however, such a discovery request is also subject to the proportionality limitations applicable to all discovery under Rule 26(b)(2)(C), including the prohibition of discovery that is unreasonably cumulative, duplicative or seeks discovery that could be obtained from some more

---

[1]   The "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence*." Caton v. Green Tree Services, LLC*, 2007 U.S. Dist. LEXIS 56515, *5 (NDWVa. Aug. 2, 2007); Rule 26(b)(1) (:relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

convenient, less burdensome or less expensive source, or discovery where the benefit is outweighed by its burden or expense, given the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of the proposed discovery to those issues.

As the Advisory Committee's Notes to the 2006 amendments to Rule 34 cautioned:

> "As with any [non-ESI] form of discovery, issues of burden and intrusiveness raised by requests to test … can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to … electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."

Federal Civil Judicial Procedure and Rules (found at p. 193 (Westlaw,  2014 ed.).

**The Defendants' Request**

It is not surprising, therefore, that the federal courts "have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature."  *John B. v Goetz*, 531 F.3$^d$ 448, 459-60 (6th Cir. 2008) (quoting *Balboa Threadworks, Inc. v. Stucky*, 2006 U.S. Dist. LEXIS 29265, *9 (DKan. Mar. 24, 2006) (citations omitted). Likewise, it is not surprising that "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *John B.*, 531 F.3$^d$ at 460 (citing *McCurdy Group, LLC v. Am. Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001). "'[A] mere desire to check that the opposition has been forthright in its discovery responses is not a good enough reason' for a court order compelling an exhaustive computer forensic examination." *Nola Spice Designs, LLC v. Haydel Enters.*, 2013 U.S. Dist.

5

LEXIS 108872, *7 (EDLa. Aug. 2, 2013) (quoting *Memry Corp. v. Kentucky Oil Technology, N.V.*, 2007 U.S. Dist. LEXIS 22488 (NDCal. Mar, 19, 2007).  On the other hand, restrained and orderly computer forensic examinations have been permitted, where the moving party has demonstrated that the opposing party has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means. *White v. Graceland College Center etc.*, 2009 U.S. Dist. LEXIS 22068, *22, 24-25 n. 17 (DKan. Mar. 18, 2009).

Consideration of the defendants' ESI motion in a manner consistent with the forgoing discovery rules, standards and principles, compels the following findings and conclusions: (1) nothing in the record suggests any willful failure, fault or bad faith by the plaintiff on her discovery obligations that would justify the requested computer forensics examination; (2) the "mirror-imaging" of the plaintiff's family computers three years after her termination raises significant issues of confidentiality and privacy; [2] (3) there was no duty on the part of the plaintiff to preserve her family computers as evidence, (4) principles of proportionality [3] direct that the requested discovery is not sufficiently important to warrant the potential burden or expense in this case;  and (5) on the current record that the defendants have failed to justify a broad, and frankly drastic, forensic computer examination of the plaintiff's two family computers. *See McCurdy Group v. Am. Biomedical Group, Inc*., 9 Fed. Appx. 822, 831 (10th Cir, 2001); *see also Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC*, 2013 U.S. Dist. LEXIS 51264, *8 (DMd. Apr. 9, 2013).

---

[2]   "[C]ompelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures," including that they must "account properly for the significant privacy and confidentiality concerns" of the parties. *John B.,* 531 F.3[d] at 460.

[3]   The Sedona Conference® *Commentary on Proportionality in Electronic Discovery* (2010) ( available at *http://www.thesedonaconference.org/content/miscFiles/Proportionality2010.pdf.*

 In summary, even though the defendants have demonstrated a connection between the plaintiff's two family computers and the issues this lawsuit, the court's consideration of the several other relevant factors, including the proportionality balance required by Rule 26(b)(2), all weigh heavily against permitting the exhaustive and intrusive computer forensic examination the defendants seek.

For the reasons stated above, the defendants' motion to compel is **DENIED**.  Of the defendants' motion to extend the deadline for their expert disclosures the undersigned takes time to **CONSIDER**.


ENTER:  This 2nd day of June 2014.


*s/  James G. Welsh*
U. S. Magistrate Judge